UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LAURE BOUDET,

           Plaintiff,

-vs-

GREYHOUND LINES, INC., and
LAIDLAW INTERNATIONAL, INC.,

           Defendants.

---

FILED
APR 18 2007
USDC WP SDNY

COMPLAINT

JURY TRIAL DEMANDED

**07 CIV. 3098**

Judge Berman

Plaintiff, by her attorneys, GOLDBERG SEGALLA LLP, complaining of the Defendants herein, alleges as follows upon information and belief:

### JURISDICTION AND VENUE

1. That at all times hereinafter mentioned, Plaintiff was and is a citizen and resident of Paris, France.

2. That at all times hereinafter mentioned, Defendant, GREYHOUND LINES, INC., (hereinafter "Greyhound") was and is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business in the State of Texas. Greyhound conducts substantial business in the State of New York and within this District.

3. Defendant Laidlaw International, Inc. (hereinafter "Laidlaw") is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business in the State of Illinois. Laidlaw conducts substantial business in the State of New York and within this District.

1

4. Upon information and belief, Greyhound is a subsidiary of Laidlaw and one hundred percent (100%) of its stock is owned by Laidlaw.

5. This Court has jurisdiction over this matter based on diversity of citizenship of the parties and the matter in controversy exceeds the sum of $75,000 excluding interest and costs.

6. The Court *in personum* jurisdiction over Defendants because at all times mentioned herein they were and are foreign corporations for profit organized and existing under the laws of a state other than New York, but regularly and continually conducting business in the State of New York, having sufficient contacts with the State of New York, both generally and with regard to this specific action, that the exercise of personal jurisdiction over them does not offend the traditional notions of fair play and substantial justice and is proper.

7. That jurisdiction of the United States District Court is claimed pursuant to 28 USCA § 1332(a)(2).

8. That venue lies in the Southern District of New York pursuant to 28 USCA §1391.

## FIRST CAUSE OF ACTION

9. At all times hereinafter mentioned, Defendant Greyhound was and is in the business of owning, operating, managing, controlling and maintaining, by and through its servants, agents and employees, commercial buses.

10. Defendant Greyhound owned, managed, controlled and maintained the bus upon which Plaintiff was a passenger at the time of the accident at issue in this case.

11. At all times mentioned herein, Defendant Laidlaw was and is in the business of owning, operating, managing, controlling and maintaining, by and through its servants, agents and employees, commercial buses.

12. Defendant Laidlaw owned, operated, managed, controlled and maintained the bus upon which Plaintiff was a passenger at the time of the accident at issue in this case.

13. At all times hereinafter mentioned, Defendants were common carriers, in that their buses were made available for transportation to the general fare-paying public.

14. At all times hereinafter mentioned, Ronald Burgess was an employee of Greyhound.

15. At all times hereinafter mentioned, Ronald Burgess operated a bus owned, managed, controlled and maintained by Defendants with Defendants' permission and consent and within the course and scope of his employment.

16. On or about August 28, 2006, Defendants owned, leased, maintained, managed, controlled and operated a Greyhound Bus Number 4014, model DL-3 bearing Texas registration number R7HW58 ("the subject bus").

17. On or about August 28, 2006, Ronald Burgess, while in the scope of his employment operated the subject bus on Interstate Route 87 between New York City and Montreal, Quebec.

18. On or about August 28, 2006, Plaintiff Laure Boudet was a fare-paying passenger on the subject bus.

19. On or about August 28, 2006, Plaintiff Laure Boudet boarded the subject bus in New York, New York.

20. On or about August 28, 2006, the subject bus, driven by Ronald Burgess, and on which Plaintiff Laure Boudet was a passenger, was traveling on Interstate 87 North, a public roadway or thoroughfare in or near Elizabethtown, New York.

21. On or about the 28th day of August, on Interstate 87 North between exits 30 and 31 in Elizabethtown, New York, Ronald Burgess, while operating the bus at a high and at a rate of speed in excess of the posted speed limit lost control of the subject bus such that it left the roadway, struck a guard rail and overturned several times.

22. As the subject bus left the roadway and overturned, several passengers, including Plaintiff Laure Boudet were thrown from the subject bus.

23. That the aforesaid occurrence was due solely to the negligence of the Defendants, their agents, servants and/or employees in the ownership, operation, maintenance and control of their aforesaid motor vehicle.

24. As common carriers, Defendants had a duty to exercise the highest standard of care and to provide safe transport to all passengers on the subject bus.

25. The sole and proximate cause of the incident was Defendants' negligence, their reckless disregard of the care required to be exercised by law and common practice for the safety of their passengers; and other culpable conduct of Defendants, through their agents, employees and representatives, without any fault or negligence on the part of Plaintiff contributing thereto.

26. That as a result of the aforesaid occurrence, Plaintiff has sustained severe and serious injuries as defined by Section 5102(d) of the Insurance Law of the State of New York, including personal injuries, pain and suffering and a loss of the quality of enjoyment of life, has suffered economic loss greater than basic economic loss as defined

by section 5104 of New York State's Insurance Law, and other damages, all of which exceed the sum of $75,000, exclusive of interest and costs.

27. That as a result of the aforesaid occurrence Plaintiff has sustained damages in the sum of ten million dollars ($10,000,000.00).

## SECOND CAUSE OF ACTION

28. Plaintiff repeats and realleges all allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Defendants expressly and impliedly warranted that they would provide safe, reliable and appropriate common carriage bus transportation for their fare-paying passengers, using bus operation techniques that would assure the reasonable and safe transport of all passengers, including Plaintiff, and that their drivers, buses and equipment were reasonably fit for their intended and foreseeable uses and purposes.

30. Defendants breached their express and implied warranties by failing to provide safe, reliable and appropriate common carriage bus transportation for their fare-paying passengers when the subject bus crashed during the trip from New York City to Montreal on August 28, 2006.

31. As a proximate result of Defendants' breach of their express and implied warranties, Plaintiff Laure Boudet, suffered serious injuries as defined by section 5102(d) of the New York State Insurance Law, including personal injuries, pain and suffering and a loss of the quality of enjoyment of life, has suffered economic loss great than basic economic loss as defined by section 5104 of New York State's Insurance Law, and other damages, all of which exceed the sum of $75,000, exclusive of interest and costs.

32.  That as a result of the aforesaid occurrence Plaintiff has sustained damages in the sum of ten million dollars ($10,000,000.00).

### THIRD CAUSE OF ACTION

33.  Plaintiff repeats and realleges all allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34.  The reckless, wanton and willful misconduct of Defendants, including their employees and agents, and their gross disregard for the safety of their passengers, was a proximate cause of the vehicle's crash and Plaintiff's resultant injuries.

35.  As a result of the foregoing, Defendants are liable to Plaintiff Laure Boudet for punitive damages in the sum of Ten Million Dollars ($10,000,000).

**WHEREFORE**, Plaintiff demands judgment in her favor and against the Defendants as follows:

1.  For her First Cause of Action, the sum of Ten Million Dollars ($10,000,000.00);

2.  For her Second Cause of Action, the sum of Ten Million Dollars ($10,000,000.00);

3.  For her Third Cause of Action, the sum of Ten Million Dollars ($10,000,000.00);

4.  For the costs and disbursements of this action;

     5.    For such other and further relief as to the Court may seem just and proper.

Dated: April 18, 2007

GOLDBERG SEGALLA LLP

_____
William G. Kelly (2982)
*Attorneys for Plaintiff*
170 Hamilton Avenue, Suite 203
White Plains, New York 10601-1717
(914) 798-5400
email: wkelly@goldbergsegalla.com