UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LAURE BOUDET,

           07 CIV. 3098 (RMB)

    Plaintiff,

 -against-          ANSWER

GREYHOUND LINES, INC., and LAIDLAW   JURY TRIAL
INTERNATIONAL, INC.,        DEMANDED

    Defendants.
-----------------------------------------------------------------------X

  Defendants, GREYHOUND LINES, INC., and LAIDLAW INTERNATIONAL, INC. (collectively, the "answering defendants"), by their attorneys, FABIANI COHEN & HALL, LLP, as and for an Answer to the plaintiff's Complaint, set forth, upon information and belief, the following:

### ANSWERING JURISDICTION AND VENUE

  FIRST:  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "1" of the plaintiff's Complaint.

  SECOND:  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "2" of the plaintiff's Complaint, except admit that Defendant, GREYHOUND LINES, INC., was and is a corporation organized and existing under the laws of the State of Delaware, maintains its principal place of business in the State of Texas and conducts business in the State of New York and within this District.

  THIRD:  Deny the allegations contained in Paragraph No. "3" of the plaintiff's Complaint, except admit that Defendant Laidlaw International, Inc. is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business in the State of Illinois.

356798.1

FOURTH: Deny each and every allegation contained in Paragraph No. "4" of the plaintiff's Complaint.

FIFTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nos. "5" and "7" of the plaintiff's Complaint and respectfully refer all questions of law to the determination of the Trial Court.

SIXTH: Deny each and every allegation contained in Paragraph Nos. "6" and "8" of the plaintiff's Amended Verified Complaint and respectfully refer all questions of law to the determination of the Trial Court.

## ANSWERING THE FIRST CAUSE OF ACTION

SEVENTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "9" of the plaintiff's Complaint, except admit that Defendant Greyhound was and is in the business of utilizing buses, some of which are owned by Greyhound, to transport passengers.

EIGHTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "10" of the plaintiff's Complaint, except admit that the bus upon which Plaintiff was a passenger at the time of the accident at issue in this case was being operated by Greyhound Lines, Inc.'s employee Ronald Burgess on a Greyhound schedule.

NINTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "14" of the plaintiff's Complaint, except admit that on August 28, 2006, and at the time of the accident at issue in this litigation, Ronald Burgess was an employee of Greyhound.

TENTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "18" of the plaintiff's Complaint, except admit that

on August 28, 2006, Plaintiff Laure Boudet was a fare-paying passenger on the subject bus.

ELEVENTH:   Deny each and every allegation contained in Paragraph Nos. "11", "12", "21", "23", "25" and "27" of the plaintiff's Complaint.

TWELFTH:   Deny each and every allegation contained in Paragraph Nos. "13", "24" and "26" of the plaintiff's Complaint and respectfully refer all questions of law to the determination of the Trial Court.

THIRTEENTH:   Deny the allegations contained in Paragraph No. "15" of the plaintiff's Complaint, except admit that Ronald Burgess operated a bus with defendant Greyhound Lines, Inc.'s permission and consent and within the course and scope of his employment by Greyhound Lines, Inc.

FOURTEENTH:   Deny the allegations contained in Paragraph No. "16" of the plaintiff's Complaint, except admit that on August 28, 2006, Ronald Burgess operated an MCI bus, model 102DL3, bearing Texas registration number R7HW58.

FIFTEENTH:   Admits the allegations contained in Paragraph Nos. "17" and "20" of the plaintiff's Complaint.

SIXTEENTH:   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nos. "19" and "22" of the plaintiff's Complaint.

**ANSWERING THE SECOND CAUSE OF ACTION**

SEVENTEENTH:   In response to Paragraph No. "28" of the plaintiff's Complaint, the answering defendants repeat, reiterate and reallege each and every assertion, admission and denial contained in Paragraph Nos. "FIRST" through "SIXTEENTH" hereinabove as though more fully set forth at length herein.

EIGHTEENTH: Deny each and every allegation contained in Paragraph Nos. "29" of the plaintiff's Complaint and respectfully refer all questions of law to the determination of the Trial Court.

NINETEENTH: Deny each and every allegation contained in Paragraph Nos. "30", "31" and "32" of the plaintiff's Complaint.

### ANSWERING THE THIRD CAUSE OF ACTION

TWENTIETH: In response to Paragraph No. "33" of the plaintiff's verified complaint, the answering defendants repeat, reiterate and reallege each and every assertion, admission and denial contained in Paragraph Nos. "FIRST" through "NINETEENTH" hereinabove as though more fully set forth at length herein.

TWENTY-FIRST: Deny each and every allegation contained in Paragraph Nos. "34" and "35" of the plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-SECOND: Upon information and belief, any damages sustained by the plaintiff herein were not caused by any negligence or carelessness on the part of the answering defendants, their servants, agents or employees, but were caused solely by the negligence and carelessness of the plaintiff and that such conduct requires diminution of any award, verdict or judgment that plaintiff may recover against the answering defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY-THIRD: Notwithstanding that the answering defendants have denied liability herein, in the event that liability is found, the liability of the answering defendants shall be fifty percent or less of the total liability assigned to all persons liable and pursuant to CPLR §1601 et seq., the liability of the answering defendants for non-economic loss shall not exceed

their equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-FOURTH:   That to the extent plaintiff recovers any damages for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings and/or other economic loss, the amount of the award shall be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be insurance, social security payments, Workers' Compensation, employee benefits or other such programs, in accordance with the provisions of the CPLR §4545.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-FIFTH:   Upon information and belief, the injuries sustained by plaintiff are such that they do not fall within the requirements of Insurance Law §5102, et seq.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH:   The Third Cause of Action of the plaintiff's Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH:   The Southern District of New York is an inconvenient forum for the trial of this action and therefore the Southern District of New York is an improper venue. The Northern District of New York is a proper venue.

**WHEREFORE,** defendants, GREYHOUND LINES, INC., and LAIDLAW INTERNATIONAL, INC., demand:

1. Judgment dismissing the Complaint;

2. Together with the costs and disbursements of this action.

Dated: New York, New York
May 11, 2007

Yours, etc.,

FABIANI COHEN & HALL, LLP

/s/ KBP

Kevin B. Pollak (KBP 6098)
**Attorneys for Defendants**
GREYHOUND LINES, INC., and
LAIDLAW INTERNATIONAL, INC.,
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420

TO: GOLDBERG SEGALLA LLP
**Attorneys for Plaintiff**
170 Hamilton Avenue, Suite 203
White Plains, New York 10601-1717
(914) 798-5400

356798.1

6

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK )

CLAUDETTE RIGG, being duly sworn, says: I am not a party to this action, am over 18 years of age and I reside in the County of Kings, State of New York.

On the 11th day of May, 2007, I served the within:

### ANSWER – JURY TRIAL DEMANDED

Upon:

GOLBERG SEGALLA LLP
Attorneys for Plaintiff
170 Hamilton Avenue, Suite 203
White Plains, New York 10601-1717
(914) 798-5400

by first-class mail to the address designated by said parties for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
CLAUDETTE RIGG

Sworn to before me this
11th day of May, 2007.

_____
NOTARY PUBLIC

Nancy I. Rivera
Notary Public, State of New York
No. 01RI6058556
Qualified in New York County
Commission Expires 5/14/20 11

356916.1