UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TERESITA SANTIAGO, RAMON LORENZO and
TERESITA SANTIAGO, as the Mother and Natural         **CERTIFICATE**
Guardian of KAREN SANTIAGO DIAZ and HENRY            **OF SERVICE**
LORENZO, infants,

                        Plaintiffs,

                           v.                                               06 CIV. 7108 (PKL)

GREYHOUND LINES, INC., and THE GOODYEAR
RUBBER and TIRE COMPANY,

                        Defendant.
-----------------------------------------------------------------X
GREYHOUND LINES, INC.,

                       Third-Party Plaintiff,

                           v.

MOTOR COACH INDUSTRIES, INC.,

                       Third-Party Defendant.
-----------------------------------------------------------------X
GREYHOUND LINES, INC.,

                       Third-Party Plaintiff,

                           v.

UGL UNICCO, Formerly Known As
UNICCO Service Company,

                       Second Third-Party Defendant.
-----------------------------------------------------------------X

395409.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARIA MERCEDES ROSARIO BRETON, FABIAN
GARCIA and PAOLA GARCIA,

        Plaintiffs,

    v.                                          06 CIV. 7110 (PKL)

GREYHOUND LINES, INC., and THE GOODYEAR
RUBBER and TIRE COMPANY,

        Defendant.
------------------------------------------------------------------------X
GREYHOUND LINES, INC.,

        Third-Party Plaintiff,

    v.

MOTOR COACH INDUSTRIES, INC.,

        Third-Party Defendant.
------------------------------------------------------------------------X
GREYHOUND LINES, INC.,

        Third-Party Plaintiff,

    v.

UGL UNICCO, Formerly Known As
UNICCO Service Company,

        Second Third-Party Defendant.
------------------------------------------------------------------------X

395409.1

2

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ZIBO WANG,

                        Plaintiff,

            v.                                          06 CIV. 11382 (PKL)

GREYHOUND LINES, INC., and THE GOODYEAR
RUBBER and TIRE COMPANY,

                        Defendant.
------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                        Third-Party Plaintiff,

            v.

MOTOR COACH INDUSTRIES, INC.,

                        Third-Party Defendant.
------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                        Third-Party Plaintiff,

            v.

UGL UNICCO, Formerly Known As
UNICCO Service Company,

                        Second Third-Party Defendant.
------------------------------------------------------------------X
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KIRSTEN ANDERSON,

                        Plaintiff,

        v.                                              06 CIV. 13371 (PKL)

GREYHOUND LINES, INC., and THE GOODYEAR
RUBBER and TIRE COMPANY,

                        Defendant.
------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                Third-Party Plaintiff,

        v.

MOTOR COACH INDUSTRIES, INC.,

                Third-Party Defendant.
------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                Third-Party Plaintiff,

        v.

UGL UNICCO, Formerly Known As
UNICCO Service Company,

                Second Third-Party Defendant.
------------------------------------------------------------------X
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LAURE BOUDET,

                      Plaintiff,

                      v.                                  07 CIV. 3098 (PKL)

GREYHOUND LINES, INC., and THE GOODYEAR
RUBBER and TIRE COMPANY,

                      Defendants.
------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                      Third-Party Plaintiff,

                      v.

MOTOR COACH INDUSTRIES, INC.,

                      Third-Party Defendant.
------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                      Third-Party Plaintiff,

                      v.

UGL UNICCO, Formerly Known As
UNICCO Service Company,

                      Second Third-Party Defendant.
------------------------------------------------------------------X

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BETTY DORCE EXUME, as ADMINISTRATRIX OF
THE ESTATE OF ANTONIDE DORCE, deceased, and
BETTY DORCE EXUME, individually, JACQUELIN
BERTRAND and MARIE LILIANE MILARD,

                  Plaintiffs,

                      v.                                      07 CIV. 3289 (PKL)

MOTOR COACH INDUSTRIES, INC.,

                  Third-Party Defendant.
------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                  Third-Party Plaintiff,

                      v.

MOTOR COACH INDUSTRIES, INC.,

                  Third-Party Defendant.
------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                  Third-Party Plaintiff,

                      v.

UGL UNICCO, Formerly Known As
UNICCO Service Company,

                  Second Third-Party Defendant.
------------------------------------------------------------------X

395409.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CHRISTIAN YOPA and ABI-SARA MACHOLD,

        Plaintiff,

        v.                            07 CIV. 6889 (PKL)

GREYHOUND LINES, INC., and THE GOODYEAR
RUBBER and TIRE COMPANY,

        Defendants.
---------------------------------------------------------------X
GREYHOUND LINES, INC.,

        Third-Party Plaintiff,

        v.

MOTOR COACH INDUSTRIES, INC.,

        Third-Party Defendant.
---------------------------------------------------------------X
GREYHOUND LINES, INC.,

        Third-Party Plaintiff,

        v.

UGL UNICCO, Formerly Known As
UNICCO Service Company,

        Second Third-Party Defendant.
---------------------------------------------------------------X

Case 1:07-cv-03098-PKL    Document 35    Filed 09/11/2008    Page 8 of 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHERRY ANN GEORGE, SHERRY ANN GEORGE, as
Mother and Natural Guardian of VOSHONA GEORGE,
Infant, and SHERRY ANN GEORGE and ALLISON
IDOHOU, as Co-Administrators of the ESTATE OF
DOREEN GEORGE, Deceased,

                 Plaintiffs,

v.                                                                                                                07 CIV 8364 (PKL)

GREYHOUND LINES, INC., and THE GOODYEAR
RUBBER and TIRE COMPANY,

                 Defendants.
------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                 Third-Party Plaintiff,

v.

MOTOR COACH INDUSTRIES, INC.,

                 Third-Party Defendant.
------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                 Third-Party Plaintiff,

v.

UGL UNICCO, Formerly Known As
UNICCO Service Company,

                 Second Third-Party Defendant.
------------------------------------------------------------------X

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHEIKH SIDY MOHAMED TAMBADOU and OURY
CISSE, Individually and as Co-Liquidators of the Estate of
SOULEYMANE TAMBADOU, deceased,

                      Plaintiffs,

                      v.                            07 CIV 9299 (PKL)

GREYHOUND LINES, INC., and THE GOODYEAR
RUBBER and TIRE COMPANY,

                      Defendants.
------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                      Third-Party Plaintiff,

                      v.

MOTOR COACH INDUSTRIES, INC.,

                      Third-Party Defendant.
------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                      Third-Party Plaintiff,

                      v.

UGL UNICCO, Formerly Known As
UNICCO Service Company,

                      Second Third-Party Defendant.
------------------------------------------------------------------X

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CINDYLYN LAMARCHE,
                        Plaintiff,

              v.                                                    08 CIV 2438 (PKL)

GREYHOUND LINES, INC.,                                              [Related to
                        Defendant.                                  06 CIV 13371 (PKL)]
------------------------------------------------------------X
GREYHOUND LINES, INC.,
                        Third-Party Plaintiff,

              v.

MOTOR COACH INDUSTRIES, INC., UGL
UNICCO, Formerly Known As UNICCO Service
Company and THE GOODYEAR TIRE &
RUBBER COMPANY,
                        Third-Party Defendants.
------------------------------------------------------------X

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LIONEL CADELIS,
                        Plaintiff,

              v.                                                    08 CIV 2439 (PKL)

GREYHOUND LINES, INC., and THE GOODYEAR                             [Related to
TIRE & RUBBER COMPANY,                                              06 CIV 13371 (PKL)]
                        Defendants.
------------------------------------------------------------X
GREYHOUND LINES, INC.,
                        Third-Party Plaintiff,

              v.

MOTOR COACH INDUSTRIES, INC. and UGL
UNICCO, Formerly Known As UNICCO Service
Company,
                        Third-Party Defendants.
------------------------------------------------------------X
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAMADOU SAIDOU BAH and GNALEN BAH,
                Plaintiffs,

                v.                                      08 CIV 2440 (PKL)

GREYHOUND LINES, INC., and THE GOODYEAR      [Related to
TIRE & RUBBER COMPANY,                            06 CIV 13371 (PKL)]
                Defendants.
------------------------------------------------------------X
GREYHOUND LINES, INC.,
                Third-Party Plaintiff,

                v.

MOTOR COACH INDUSTRIES, INC. and UGL
UNICCO, Formerly Known As UNICCO Service
Company,
                Third-Party Defendants.
------------------------------------------------------------X
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SYLVINA JEAN CLAVIEN and RAPHAEL DANIS,
                Plaintiffs,

                v.                                      08 CIV 3566 (PKL)

GREYHOUND LINES, INC., and "JOHN DOE", that    [Related to
name being fictitious, his true name being unknown to  06 CIV 13371 (PKL)]
Plaintiff,
                Defendants.
------------------------------------------------------------X
GREYHOUND LINES, INC.,
                Third-Party Plaintiff,

                v.

MOTOR COACH INDUSTRIES, INC., UGL
UNICCO, Formerly Known As UNICCO Service
Company and THE GOODYEAR TIRE &
RUBBER COMPANY,
                Third-Party Defendants.
------------------------------------------------------------X

395409.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LAUREN BICKFORD-BUSHEY,
                Plaintiff,

       v.                                           08 CIV 4465 (PKL)

GREYHOUND LINES, INC. and THE GOODYEAR TIRE
and RUBBER COMPANY,                        [Related to
                Defendants.             06 CIV 13371 (PKL)]
-------------------------------------------------------------------X
GREYHOUND LINES, INC.,
                Third-Party Plaintiff,

       v.

MOTOR COACH INDUSTRIES, INC. and UGL
UNICCO, Formerly Known As UNICCO Service
Company,
                Third-Party Defendants.
-------------------------------------------------------------------X

395409.1

*Anderson, et al. v. Greyhound Lines, Inc., et al. v. Motor Coach Industries, Inc., et al. and Related Actions*
Index No. 06 Civ. 13371
Our File No. 818.34464

## CERTIFICATE OF SERVICE

This is to certify that a copy of the attached **SO ORDERED MEMO ENDORSED LETTER OF JUDGE DEBRA FREEMAN**, was served via Facsimile and E-Mail, this 11th day of September, 2008, upon:

TAUB & MARDER
450 Seventh Avenue, 37th Floor
New York, New York 10123

RICH & RICH, P.C.
30 Vesey Street
New York, New York 10007

KREINDLER & KREINDLER
100 Park Avenue, 18th Floor
New York, New York 10017

GOLDBERG SEGALLA, LLP
5789 Widewaters Parkway
Syracuse, New York 13214

RUBENSTEIN & RYNECKI, ESQS.
16 Court Street, Suite 1717
Brooklyn, New York 11241

NORMAN LISS, ATTORNEYS-AT-LAW, P.C.
200 West 57th Street
New York, New York 10019

VALAD and VECCHIONE PLLC
3863 Plaza Drive
Fairfax, VA 22030

THE LIETZ LAW FIRM, PLLC
888 16th Street North West
Suite 800
Washington, DC 20006

E. STEWART JONES, PLLC
28 Second Street
Troy, New York 12181

OFFICE OF JAY H. TANENBAUM
110 Wall Street, 16th Floor
New York, New York 10005

CHAPMAN, ZARANSKY LAW FIRM
114 Old Country Road, Suite 680
Mineola, New York 11501

LAW OFFICE OF EDWARD P. RYAN
38 Eagle Street
Albany, New York 12207

LAW OFFICES OF NEIL MOLDOVAN
One Old Country Road - Suite 270
Carle Place, New York 11514

LAW OFFICE OF MARK SCHNEIDER
57 Court Street
Plattsburgh, New York 12901

HERRICK, FEINSTEIN, LLP
2 Park Avenue
New York, New York 10016

NOVACK BURNBAUM CRYSTAL LLP
300 East 42nd Street
New York, New York 10017

ARNSTEIN & LEHR LLP
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606

QUIRK and BAKALOR, P.C.
845 Third Avenue, 15th Floor
New York, New York 10022

_____
Kevin B. Pollak (6098)

Sworn to before me this
11th day of September, 2008.

_____
NOTARY PUBLIC

Wayne E DeLisser
Notary Public, State of New York
No. 01DE6160331
Qualified in Kings County
Commission Expires February 05, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007

CHAMBERS OF
DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

## FAX COVER PAGE

DATE: 9-11-08

To: Kevin Pollack, Esq

Fax Number: (___) 207-8182

From: Hon. Debra Freeman

Pages: 3 (including cover sheet)

Comments:

Att. So Ordered Memo Endorsed letter in Anderson v Greyhound

## MEMO ENDORSED

IT IS ORDERED that counsel to whom this Memo Endorsement is sent is responsible for faxing or otherwise delivering promptly a copy to all counsel and unrepresented parties and filing a certificate of such service within 5 days from the date hereof. Do not fax such certification to Chambers.

NOTICE: The information contained in this transmission is privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended addressee, the reader is hereby notified that any consideration, dissemination or duplication of this communication is strictly prohibited. If the addressee has received this communication in error, please call us immediately at (212) 805-4250. Thank you.

**FABIANI COHEN & HALL, LLP**
ATTORNEYS AT LAW
570 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022

(212) 644-4420
FAX (212) 207-8169

August 18, 2008

*[Handwritten memo endorsement:]* Defendant Greyhound Lines, Inc. (and any other party that wishes to do the same) may designate a representative of each insurer, or third-party administrator of a self-insured retention, as a person who may be furnished "Confidential Information" in this case, subject to the terms of a Protective Order. The parties are directed to submit a jointly-proposed Protective Order to the Court for its review no later than September 26, 2008.

SO ORDERED:   DATE: 9/11/08
*/s/ Debra Freeman*
DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

Via Facsimile - 212-805-4258

Honorable Debra Freeman
United States Magistrate Judge
United States Courthouse
500 Pearl Street, Room 525
New York, New York 10007

Re:  Anderson, et al. v. Greyhound Lines, Inc., et al. v. Motor Coach Industries, Inc., et al. (06 CV 13371) and Related Actions
     Our File No. 818.34464

Dear Judge Freeman:

This office represents Greyhound Lines, Inc. ("Greyhound") in connection with the above matters. This letter is submitted in response to Goodyear's counsel's August 15, 2008 letter. For the reasons set forth below, as well as those set forth in Greyhound's July 22, 2008 letter to Judge Leisure and those mentioned during the August 7, 2008 conference, third-party administrators and insurers should be permitted to receive confidential information.[1]

At the August 7, 2008 conference the Court asked Goodyear's counsel to submit case law addressing the third-party administrator/insurer issue. Goodyear's counsel has failed to cite a single case that states that third-party administrators and insurers should not be allowed to receive confidential information. On the other hand, Greyhound has cited three confidentiality order cases where an insurer has specifically been included as a party that can receive confidential information. The rationale is obvious and set forth in Greyhound's July 22, 2008 letter. See, Houdini, Inc. v. Goody Baskets, LLC, 2005 WL 6070180 (C.D.Cal. 2005) [Court ordered that "documents designated as 'CONFIDENTIAL'...shall not be disclosed...to any person or entity other than counsel of record for a party...employees and agents of any insurer of any defendants"]; Iwanejko v. Cohen & Grigsby, P.C., 2005 WL 4043954 (W.D.Pa. 2005) [Court ordered that "Confidential information shall be disseminated only among attorneys, their support staff, witnesses, parties, their insurers, and experts."]; The Beam System, Inc. v. Checkpoint Systems, Inc., 1997 WL 364081 (C.D.Cal. 1997) [Court so-ordered that confidential information could be disclosed to "a litigation specialist assigned by an insurer providing defense or coverage"]. So much for Goodyear's assertion that "there are no cases in this Circuit which

---

[1] Greyhound does not accept Goodyear's unilateral reservation at footnote 1 of its August 15, 2008 letter. Contrary to Goodyear's assertion, "trade secret" information and "confidential" information are not different. Rather, trade secret information is merely a type of confidential information. This is made clear by the definition of confidential information -- see paragraph 3(a) of Greyhound's proposed confidentiality order.

393462.1

Honorable Debra Freeman
United States District Court Judge
August 18, 2008
Page 2

recognize the legal right or necessity to disclose confidential documents to insurers or third-party administrators".

As opposed to setting forth any substantive arguments, Goodyear instead wastes this Court's time by reciting the procedural history of the current form of Greyhound's proposed confidentiality order (see, pages 4, 5, and 7-8 of Mr. Kaplan's letter). This procedural recitation is irrelevant to the substantive issue the Court must decide. Instead of addressing the issue at hand, Goodyear addresses aspects of Greyhound's proposed confidentiality order that are not (yet) before the Court (see, pages 8-9 of Mr. Kaplan's letter[2]). Goodyear also offers a bunch of form confidentiality orders which are nothing more than forms which are meant to be modified. Even the introductory comments to the "highly regarded" New York City Bar Association form states that "counsel are encouraged to agree to the Stipulation and Order or modify it to accommodate the needs of each case". (Greyhound is at a loss why the "highly regarded" Bar Association form would or should trump case law that recognizes a third-party administrator's/insurer's right to receive confidential information.)

Finally, Mr. Kaplan argues at page 11 of his letter, that Greyhound has failed to offer any reason why third-party administrators/insurers should be entitled to receive confidential information. As pointed out in Greyhound's July 22, 2008 letter, not permitting Greyhound's third-party administrator, or "any insurer that may be liable to pay for or indemnify for any loss(es), verdict(s), judgment(s) or settlement(s)" in connection with this action, to have access to confidential information would have a chilling effect on the typical and usual free flow of information between an insured defendant (such as Greyhound), defense counsel and the insurance carrier. Under Goodyear's proposal neither Greyhound nor its defense counsel could provide Greyhound's insurers with a clear and frank assessment of this litigation as it progresses and moves forward. Goodyear's limitations would put Greyhound at risk of the insurer threatening to disclaim coverage or actually disclaiming coverage due to Greyhound's lack of cooperation. The limitation Goodyear proposes could also force Greyhound into the position of claiming that its insurer is acting in bad faith. These scenarios are real and possible if insurers are not given access to confidential information. Goodyear's position on confidentiality would prejudice Greyhound and force Greyhound and its insurers into an untenable and adversarial relationship. It is therefore submitted that the Court should permit third-party administrators/insurers to receive confidential information.

The Court's attention to the above is appreciated.

Very truly yours,

Kevin B. Pollak (KBP6098)

KBP/lal
cc: All counsel via E-Mail and Facsimile

---

[2] Goodyear's counsel still refuses to confer or meet with Greyhound's counsel regarding apparent objections that Goodyear has to Greyhound's proposed confidentiality order despite this Court's unequivocal directive that "the parties are...to confer in good faith, and to raise additional issues with the Court only if they are unable to reach an agreement after their good faith conference".

393462.1